Agnes Collins, Plaintiff, *v.* Edmund Collins, Defendant.

City Court of the City of New York, Special Term, New York County,
January 22, 1949.

*Philip Gelfand* for plaintiff.

*John B. Loughran* for defendant.

Carlin, J. This motion to dismiss the amended complaint for insufficiency on its face, which was heretofore granted by default, has been, by consent, restored to the calendar and is now considered on the merits.

This is an action, as shown in the complaint, by a mother, allegedly aged and destitute, against her son. It is set forth in the complaint that the defendant, the son, agreed to pay to the plaintiff, the mother, the sum of $50 per month for her support and that the agreement was based upon " good and valuable consideration." The defendant demanded a bill of particulars and plaintiff served one, in which the consideration for such agreement is stated to be " love and affection ". This application to dismiss the amended complaint, under rule 112 of the Rules of Civil Practice, is predicated upon the complaint as limited by the bill of particulars.

" Love and affection " is not a sufficient consideration to support an executory contract. The case would be different if an executed deed, assignment or mortgage were involved; if in fact the transaction were accomplished.

The plaintiff relies upon *Calhoun* v. *Calhoun* (49 App. Div. 520), but that action was founded upon a mortgage which had

been executed and delivered. It is true that it was stated in the opinion that love and affection, or the moral obligation to support, constituted a sufficient consideration. But such statement was unnecessary to the decision, which could have rested either upon the fact that the mortgage in suit had been delivered and the transaction was, therefore, executed; or upon the fact that the defendant had undertaken to support the plaintiff, his mother, partly at least, because she had conveyed a farm to him. The view expressed in that opinion that love and affection alone, or a moral obligation to support, is a sufficient consideration is not, wherever an executory agreement is involved, in accord with the rule in this State (Cf. *Whitaker* v. *Whitaker,* 52 N. Y. 368; *Matter of Wilbur* v. *Estate of Warren,* 104 N. Y. 192; 1 Clark, New York Law of Contracts, p. 517, n. 46).

It appears dehors the pleadings, that the plaintiff is not a resident of New York, but of Pennsylvania. Any rights which she might have had, if she had been a resident, under section 101 of the Social Welfare Law, are, therefore, not germane to a consideration of this case (also, cf. *Matter of Salm,* 171 Misc. 367, 371).

As plaintiff does not, upon any suggested theory, have a good cause of action against the defendant, the complaint should be dismissed without leave to plead over.

The motion under rule 112 of the Rules of Civil Practice, to dismiss the amended complaint, as amplified by the bill of particulars, for insufficiency, is granted. Judgment of dismissal may be entered in favor of the defendant.

Execution of judgment for costs is stayed for thirty days after service of notice of entry upon the attorney for the plaintiff.