Murray T. Feiden, J.
Plaintiff moves for summary judgment. The action is for recovery of $8,780 on three alleged notes signed by defendant. The first note is for $2,500, payable in or about March, 1962. The second note is for $2,500, payable March 15, 1962. The third instrument merely states that defendant received $3,630 and $150 to be used for business purposes, without indicating in any way that it was a note or personal loan. The alteration of said instrument is immaterial because defendant admits the accuracy of the amount claimed by the plaintiff. Were it not for the fact that the defendant flatly admits that he owes plaintiff $8,780, there would be an issue of fact as to whether or not the last instrument is a promise to repay. The defendant, however, does not raise any such issue and merely contends that there was an oral modification agreement made between the parties to extend the time and method of payment, so that defendant would be obligated to repay the loan at the rate of $100 per month only after repayment of still another loan in the sum of $3,500, which defendant obtained from a bank for the purpose of investing it in his own business and for which plaintiff put up collateral in addition to signing for the bank note as a comaker.
*395 The first two written instruments are notes with the time of repayment specified therein. The third instrument is silent as to date of repayment. However, it was held in Minevitch v. Puleo (9 A D 2d 285, 288) that “ In the absence of an agreed time for repayment it is assumed that the debt, if such there be, is payable on demand and the bringing of the action may constitute such demand.” (To same effect see Wallach v. Dryfoos, 140 App. Div. 438.) It is therefore clear that the defendant’s obligation to repay the loan is now overdue unless the purported oral modification is valid. Under subdivision 2 of section 33 of the Personal Property Law there must be consideration to support such oral modification. The defendant has not demonstrated any consideration to the plaintiff. The court does not feel, as argued by defendant, that a person who gratuitously helps another to borrow money for his own business, by putting up collateral and signing as a comaker, is receiving any consideration from the borrower when the latter repays his own obligation. The defendant tries to bite the hand that fed him by resorting to a process of inverse reasoning and sophistry, in which he seeks to reverse the flow of consideration so that ostensibly it appears to run uphill from defendant to plaintiff, when in fact the reverse is true.
It is to be noted that the plaintiff, in her reply affidavit of January 31, 1963, states: “ When my husband applied to the Bankers Trust Co. for the loan for his business originally, it was rejected. Thereafter, at his insistence, when I agreed to co-sign the bank obligation and deposit stock owned by me as security, the loan was made.” This allegation is not denied in the supplemental affidavit thereafter submitted by defendant’s attorney although the bank loan and plaintiff’s reply affidavit are discussed. It therefore appears without contradiction that plaintiff applied for the bank loan before the alleged extension agreement so that he cannot claim that he was influenced to make the bank loan in reliance upon or in consideration of plaintiff’s alleged promise to extend the time of payment on her personal loans to the defendant.
The defendant’s contention that love and affection is sufficient consideration is untenable (Collins v. Collins, 194 Misc. 65). Further, since the. defendant .was under a legal duty to support plaintiff, his wife, the inferences contained in the opposing affidavits that the bank loan was used to help his business from which he supported his wife and himself so that it constituted legal consideration is not warranted (Domestic Relations Law, § 51).
*396 From a reading of all the papers it appears that the defendant’s defense is sham and does not raise any genuine triable issues of fact. Motion granted.