■ JULIEN J. STUDLEY, INC., Respondent, v SAMUEL J. LEFRAK, Appellant.—Judgment, Supreme Court, New York County, entered February 27, 1980, awarding recovery of $46,169 plus interest and costs against a judgment debtor in this special proceeding under CPLR 5227, is unanimously reversed, on the law and on the facts, to the extent of vacating the judgment and remanding for trial, without costs. In November, 1967, Samuel J. Lefrak, through his Canberra Leasing Corp., sought to purchase property at 38-40 West 57th Street in Manhattan from one Alfred H. Lawrence. Petitioner was the broker involved in negotiating this transaction, and Lawrence had agreed to pay the broker's commission pursuant to separate agreement should the transaction be consummated. However, Lefrak's purchase option never materialized, and the deal fell through. Still interested in purchasing the property, Lefrak later bought up leaseholds from tenants in the Lawrence premises through another Lefrak company, Villanova Leasing Corp., thereby freeing the property for another purchase negotiation in 1968. This time petitioner played no part in the negotiations, and references to brokerage commissions were stricken from this Lawrence-Villanova contract. The purchase price on

the Lawrence-Villanova contract was $14,500 less than the price on the Lawrence-Canberra contract, representing a 50% saving to each party on what would have been the brokerage commission to petitioner. Title passed at closing, on May 1, 1969, to Fifth Avenue Leasing Corp., another Lefrak company which had taken assignment of the Lawrence-Villanova contract. Meanwhile, petitioner had commenced suit against Lawrence for $28,000 in brokerage commissions. At the closing, an agreement was executed whereby Lefrak undertook to indemnify Lawrence for "all loss, liability or damage" arising out of petitioner's action against Lawrence. After joinder of issue that case lay dormant for over eight years until petitioner unsuccessfully moved for summary judgment against Lawrence. By this time the principal attorney in the law firm that had been representing Lawrence had died, and Lawrence himself could not be located. The case proceeded to trial in Lawrence's absence, and petitioner won a verdict against Lawrence resulting in judgment of $46,169 plus interest and costs. This verdict was based on an alleged agreement produced at trial by petitioner, stating that if Lawrence sold the parcel in question to *any* of Lefrak's corporations, a commission would be due. This was seemingly contrary to the terms of the Villanova contract, which had deleted any reference to brokerage commissions. In the instant proceeding Lefrak pleads that he was fraudulently induced by Lawrence to enter into the indemnity agreement and the contract of sale eschewing brokerage commissions by reason of Lawrence's failure to disclose that he was at the same time assuring petitioner of recompense for such services. This claim of fraud in the inducement raised at least a triable issue of fact on Lefrak's defense, rendering erroneous Special Term's summary disposition in this special proceeding. Even if the fraud claim fails, there is a triable issue as to the meaning of the indemnity agreement. In light of the contractual eschewing of commissions for a broker, it is reasonable to conclude that Lefrak's interpretation of his agreement at closing to indemnify Lawrence is correct. According to Lefrak, he made the agreement because he knew that petitioner would never be able to prevail against Lawrence for brokerage commissions stemming from the Lawrence-Villanova contract. On the other hand, petitioner has maintained that the compensation it has sought against Lawrence was in the nature of a finder's fee rather than a broker's commission. Petitioner contends that the indemnity agreement to which it was not a party contemplated liability for a finder's fee as well as brokerage. Lawrence's intentions do not appear. Special Term resolved this issue against Lefrak as a matter of law. Under all the circumstances we have concluded that there is a triable issue as to the interpretation of the indemnity agreement. Since there is an issue of fact as to Lefrak's indebtedness to Lawrence there must be a trial. Concur—Murphy, P. J., Fein, Ross and Bloom, JJ.