■ MILTON BASS, Plaintiff, v ANNE BASS, Defendant. In the Matter of DONALD H. GREENER, Appellant, v SCOTT FORMAN et al., Respondents.

Petitioner Greener, an attorney, represented Anne Bass, the defendant in a matrimonial action for divorce commenced by her husband Milton Bass. By judgment entered July 10, 1986, the court awarded Greener attorney's fees in the amount of $24,775, together with disbursements of $444.63. Seeking to enforce the judgment, Greener commenced the subject proceeding by notice of petition dated December 2, 1986, requesting that judgment be entered against Dr. Scott Forman and his wife Rena Bass Forman (the daughter of judgment debtor Milton Bass), directing them to pay the $25,219.63 judgment owed Greener by Milton Bass from a $93,000 debt Mr. and Mrs. Forman owed to Milton Bass. The petition alleged that, as evidenced by Milton Bass' examination before trial in the matrimonial action and his net worth statement submitted in connection therewith, the Formans owed Milton Bass $93,000 from a series of loans Mr. Bass made to them. Pursuant to CPLR 5222, petitioner had also served the Formans, on August 14, 1986, with a restraining notice prohibiting them from transferring any moneys given them as a loan and from selling, assigning or transferring certain real property the Formans owned, which was claimed to have been purchased with part of the $93,000 loan from Milton Bass.

The Formans each answered in papers denominated cross motion answering affidavits, although we note that no notice of cross motion appears in the record. While acknowledging that Milton Bass had given them $60,000 to purchase their home and had for a time been giving them on a regular monthly basis $1,000 towards their living expenses, the Formans alleged that the moneys were given to them as gifts to help the Formans through economically difficult years while Mr. Forman was in medical school. The Formans claimed that there were never any discussions as to repayment and asserted that no documentation exists to prove the existence of a loan and a promise to repay. They also argued that the transfers of moneys could not be deemed an act in fraud of Milton Bass' creditors, since the transfers predated the subject judgment for attorney's fees. The Formans also argued that the restraining notice on their home should be vacated, because a judgment creditor cannot levy on assets owned by a third party and in which the judgment debtor has no interest.

Milton Bass also submitted an answering affidavit, explaining that the transfers of money were gifts and that he had listed them as loans in his net worth statement per his attorney's instruction and with the thought that perhaps at some future time his children would provide him with money should he be in need.

The IAS court dismissed the petition, reasoning that no statutory authority existed for the relief petitioner was requesting against these nonparties to the action and that no proof existed of a loan. The court also granted respondents' "cross motion" to vacate the restraining notice. By order dated June 22, 1987, the court also denied petitioner's motion for reargument and ruled that the prior order remained the order of the court.

CPLR article 52 governs the enforcement of judgments. CPLR 5201 (a), which broadly defines what property may be reached to satisfy a judgment, permits a judgment creditor to satisfy a judgment against "any debt, which is past due or which is yet to become due, certainly or upon demand of the judgment debtor * * * unless it is exempt from application to the satisfaction of the judgment." CPLR 5227 authorizes a court, upon a special proceeding commenced by the judgment creditor against any person who is or will become indebted to the judgment debtor, to "require such person to pay to the judgment creditor the debt upon maturity, or as much of it as is sufficient to satisfy the judgment * * * or it may direct that a judgment be entered against such person in favor of the

judgment creditor." Thus, contrary to the IAS court's assertion that no authority existed for the relief petitioner was seeking against the Formans, these statutes clearly provide authority for the relief requested herein. That the notice of petition or the petition itself did not specifically mention CPLR 5227 is of no moment, since the relief requested was made clear and a court may always "grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded" (CPLR 3017 [a]).

The IAS court also erroneously rejected in a summary fashion petitioner's claim of the existence of a loan by the judgment debtor to the Formans. The lack of loan documents, terms of repayment and a demand for repayment do not necessarily preclude a finding that a debt exists and is payable on demand. (See, Minevitch v Puleo, 9 AD2d 285, 288; Gutmann v Gutmann, 39 Misc 2d 394, 395.) Furthermore, the testimony of Milton Bass in his examination before trial and the references to loans in his statement of net worth were sufficient to establish prima facie evidence of a loan. This evidence, when juxtaposed against the affidavits of the Formans and Milton Bass in opposition to this proceeding, presents serious questions as to Bass' credibility, which precludes summary resolution of this issue and requires a hearing.

The court did correctly determine, however, that the real property owned by the Formans is not property in which the judgment debtor has an interest within the meaning of CPLR 5201 (b), and is, therefore, property which Greener cannot reach. CPLR 5201 (b) provides that a judgment may be enforced against "any property which could be assigned or transferred," that is, property that the judgment debtor has the power to assign or transfer. (See, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5201:9, at 61.) Petitioner offers no proof that the judgment debtor, Milton Bass, has any legal interest which he could assign or transfer in the home owned by the Formans. While petitioner may indeed stand in the shoes of the judgment debtor in relation to any debt owed him or a property interest he may own, petitioner cannot, however, reach assets in which the judgment debtor has no interest. (See, Smith v Amherst Acres, 43 AD2d 792, 793; Sonnabend v Gittins, 235 App Div 483, 485.)

Accordingly, the restraining notice, insofar as it prohibits the sale, transfer or assignment of the Formans' home, was properly vacated. While the record contains no evidence of service of a notice of cross motion to vacate the restraining order, the court was within its powers under CPLR 5240, on

its own initiative, to issue an order "denying, limiting * * * or modifying the use of any enforcement procedure." Petitioner, moreover, was not without notice that the Formans were seeking such relief, since it was specifically requested in their affidavits to dismiss the petition. Finally, insofar as the restraining notice prohibits the transfer of the "monies given as a loan", the restraining notice cannot be said to prejudice the Formans, since the notice will only take effect if, indeed, a loan was made to them. Concur—Sullivan, J. P., Carro, Asch and Milonas, JJ.