■ In the Matter of ROBERT E. STEINBERG, Respondent, v LAUREL LEVINE, Appellant, and SANFORD C. LEVINE, Respondent. [774 NYS2d 810]—

In a proceeding pursuant to CPLR 5225 (b) to set aside a transfer of assets, Laurel Levine appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Colabella, J.), entered January 24, 2003, as, after a hearing, determined that the transfers of assets to her by Sanford Levine were made with the general intent to hinder, delay, and defraud present or future creditors of Sanford Levine and therefore should be disregarded, and is in favor of the petitioner and against her in the principal sum of $41,247.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Debtor and Creditor Law § 276 provides that "[e]very conveyance made . . . with actual intent . . . to hinder, delay, or defraud either present or future creditors is fraudulent." The requisite intent required by this section need not be proven by direct evidence, but may be inferred from the circumstances surrounding the allegedly fraudulent transfer (*see Marine Midland Bank v Murkoff,* 120 AD2d 122 [1986]). In determining whether a conveyance was fraudulent, the courts will consider "badges of fraud," which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent (*Pen Pak Corp. v LaSalle Natl. Bank of Chicago,* 240 AD2d 384 [1997]). These badges of fraud include lack or inadequacy of consideration, family, friendship, or close associate relationship between transferor and transferee, the debtor's retention of possession, benefit, or use of the property in question, the existence of a pattern or series of transactions or course of conduct after the incurring of debt, and the transferor's knowledge of the creditor's claim and the inability to pay it (*see Pen Pak Corp. v LaSalle Natl. Bank of Chicago, supra; Shelly v Doe,* 249 AD2d 756 [1998]).

There was sufficient evidence to support the Supreme Court's determination that Sanford Levine transferred his assets to his wife, the appellant Laurel Levine, with the intent to hinder, delay, and defraud present or future creditors. The evidence demonstrated that Sanford Levine transferred his assets, without consideration, to his wife while retaining control over them, and while aware of his financial obligation to the petitioner. Therefore, the Supreme Court properly entered a judgment against Laurel Levine in the amount of the petitioner's judgment against Sanford Levine.

The appellant's remaining contentions are without merit. Smith, J.P., Goldstein, Adams and Townes, JJ., concur.