■ WHITE PLAINS PLAZA REALTY, LLC, Appellant, v TOWN SPORTS INTERNATIONAL, LLC, et al., Respondents. [914 NYS2d 222]—

In an action, inter alia, to recover damages for breach of a commercial lease, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Scheinkman, J.), dated July 31, 2009, as, upon a decision dated February 2, 2009, made after a nonjury trial, dismissed the first cause of action in the amended complaint and is in its favor and against the defendant TSI White Plains, LLC, in the sum of only $374,193.39 on the second cause of action in the amended complaint.

Ordered that the judgment is reversed insofar as appealed from, on the facts and the law, with costs, the first cause of action in the amended complaint is reinstated, the plaintiff is awarded the sum of $122,528.60 on the first cause of action in the amended complaint, the plaintiff's award on the second cause of action in the amended complaint in the sum of $374,193.39 is vacated, the plaintiff is awarded the principal sum of $843,377.48 on the second cause of action in the amended complaint, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment.

In a lease dated April 1, 2003, the defendant TSI White Plains,

Inc. (hereinafter TSI), leased commercial space in White Plains to run a New York Sports Club. The term of the lease was for 15 years starting in July 2003. The lease permitted TSI to "abandon[ ]" the premises so long as it was otherwise in compliance with the lease. In 2004, the landlord sold the building to the plaintiff, White Plains Plaza Realty, LLC (hereinafter WPP), and assigned the lease to WPP. In September 2005, TSI ceased operations at the premises. It continued to make its rental payments, until it missed the payments for July, September, and October 2006. On October 25, 2006, WPP's counsel sent a letter to TSI, terminating the lease for nonpayment of rent. In response, TSI took the position that the lease had not been properly terminated and remained in effect.

In February 2007 WPP commenced this action, inter alia, to recover possession of the premises and to recover damages pursuant to the lease. TSI counterclaimed, challenging WPP's termination of the lease. WPP moved for summary judgment on its cause of action to recover possession of the premises, to dismiss the counterclaims, and on the issue of whether the lease was terminated effective October 28, 2006. In an order dated July 11, 2007, the Supreme Court granted WPP's motion, determined that the lease was terminated on October 28, 2006, directed TSI to deliver possession of the premises within five days, and dismissed the counterclaims. TSI thereafter returned the keys to the premises.

After a nonjury trial, the Supreme Court denied WPP recovery on the first cause of action in the amended complaint which sought to recover damages pursuant to the lease for TSI's failure to surrender the premises upon termination of the lease. The court found that TSI had surrendered the premises by relinquishing possession prior to termination of the lease. Pursuant to the lease, WPP assumed the obligation to use reasonable efforts to relet the premises in the event it terminated the lease upon TSI's default. On the second cause of action in the amended complaint, the court found that TSI had sustained its burden of establishing that WPP failed to make reasonable efforts to relet the premises upon termination of the lease, and that, had WPP done so, it would have relet the premises within four months of termination of the lease, with rental payments commencing three months thereafter. The court awarded WPP deficiency damages pursuant to the lease, reduced by the sums the court determined WPP would have received from such reletting and certain stipulated credits. Finally, the court held that WPP was not entitled to any rent deficiency for the period after March 31, 2008, since it had elected to seek liquidated damages

for that period in lieu of any further deficiency. Since WPP had decided not to offer proof on its claim for liquidated damages for that period, the court directed that the third cause of action seeking such damages be dismissed with prejudice. WPP appeals from the resulting judgment.

Contrary to WPP's contention, the issue of whether it was entitled to damages pursuant to section 13.1 of the subject lease was not necessarily resolved in the Supreme Court's July 11, 2007, order. Thus, the doctrine of law of the case did not preclude the Supreme Court from addressing the issue (*see Brownrigg v New York City Hous. Auth.*, 29 AD3d 721 [2006]; *Gay v Farella*, 5 AD3d 540 [2004]). In any event, the doctrine is not binding on an appellate court (*see Lehman v North Greenwich Landscaping, LLC*, 65 AD3d 1293 [2009]). The Supreme Court erred in determining that WPP was not entitled to damages for TSI's failure to surrender the premises upon termination of the lease.

Section 13.1 of the subject lease provides, in pertinent part: "In the event Tenant does not surrender the Premises upon the Termination Date, Tenant shall pay Landlord an amount equal to two hundred percent (200%) of the monthly Rent payable for the month immediately preceding the holding over (including increases for Rent Adjustments which Landlord may reasonably estimate)."

"Surrender" is not defined in the lease. However, article 12, entitled "Surrender of Premises" provides that, upon the termination date, the tenant "shall surrender *and* vacate the Premises immediately and deliver possession thereof to Landlord" (emphasis added). Accordingly, the lease distinguished between the two terms and TSI did not "surrender" the premises by vacating the premises in September 2005. We note that communications between the parties after termination of the lease also support this construction of the term "surrender" in the lease as the surrender of both legal and actual possession of the premises.

Since TSI continued to assert a claim to legal possession of the premises after termination of the lease, WPP is entitled to damages on its first cause of action in the sum of $122,528.60, representing 200% of the monthly rent payable for September 2006. Contrary to WPP's contention, the plain language of section 13.1 of the lease provides for the payment of 200% of one month's rent, not double rent for each month that TSI failed to surrender the premises after the termination date. " '[W]hen parties set down their agreement in a clear, complete document, their writing should . . . be enforced according to its terms' "

(*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004], quoting *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). "[C]ourts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing' " (*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d at 475, quoting *Reiss v Financial Performance Corp.*, 97 NY2d 195, 199 [2001] [internal quotation marks omitted]). This rule is especially important in commercial transactions negotiated between sophisticated parties (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d at 475). Further, the subject provision, properly construed, is not an unenforceable penalty (*see Bates Adv. USA, Inc. v 498 Seventh, LLC*, 7 NY3d 115, 120 [2006]; *Federal Realty Ltd. Partnership v Choices Women's Med. Ctr.*, 289 AD2d 439 [2001]).

In reviewing factual findings made after a nonjury trial, this Court "may render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 134 [1930]; *see Kaygreen Realty Co. v IG Second Generation Partners, L.P.*, 68 AD3d 933 [2009]). The Supreme Court properly found that TSI met its burden of establishing that WPP failed to use reasonable efforts to relet the premises after termination of the lease (*see LaSalle Bank N.A. v Nomura Asset Capital Corp.*, 47 AD3d 103, 107 [2007]). During the period following termination of the lease, WPP did not aggressively market the premises and it unreasonably delayed in submitting proposals to prospective tenants. When WPP did submit proposals, the terms were unreasonable, given its mitigation obligation.

Accordingly, the Supreme Court properly determined that, had WPP acted reasonably, it would have found a replacement tenant within four months after termination of the lease. However, TSI continued to assert a claim to legal possession of the premises until the Supreme Court's July 11, 2007, order resolved the issue. It would have been reasonable for WPP to delay delivering possession of the premises to a replacement tenant until after TSI's claim was resolved. Accordingly, had WPP acted reasonably, it would have relet the premises as of August 1, 2007. To allow for tenant improvements to the space, WPP's proposals to prospective tenants during this time provided that rental payments would commence six months after delivery of possession. There was no evidence that this term

of the proposals was unreasonable. Therefore, we find that WPP would have commenced receiving rental payments by February 1, 2008. Accordingly, WPP is entitled to deficiency damages for the period between November 1, 2006, and January 31, 2008, in the sum of $918,964.50 ($61,264.30 x 15 months).

For the period between February 1, 2008, and March 31, 2008, the deficiency equals the sum of $122,528.60. We accept the Supreme Court's determination of the value of rental payments that WPP would have received upon reletting the premises in the sum of $58,648 per month. Thus, the amount of deficiency for that period must be reduced by the sum of $117,296 ($58,648 x 2 months), for a total of $5,232.60. The parties stipulated that the sum of $80,819.62 should be awarded as a credit against the amount awarded on the second cause of action. Subtracting the sum of $80,819.62 from the sum of $924,197.10 (the deficiency damages in the sum of $918,964.50 + $5,232.60), WPP is entitled to an award in the principal sum of $843,377.48 on its second cause of action. Deficiency damages after March 31, 2008, were precluded by WPP's election, pursuant to the lease, to seek liquidated damages in lieu of any further deficiency for that period. Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.