■ In the Matter of WHITE PLAINS PLAZA REALTY, LLC, Respondent, v CAPPELLI ENTERS. INC., Appellant. [970 NYS2d 47]—

In a proceeding by a judgment creditor pursuant to CPLR 5227, Cappelli Enterprises, Inc., appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated March 13, 2012, which denied its motion pursuant to CPLR 3211 (a) to dismiss the petition.

Ordered that the order is affirmed, with costs.

In 2009, the petitioner obtained a judgment (hereinafter the 2009 judgment) against TSI White Plains, LLC (hereinafter TSIWP), in the sum of $683,239.56, arising out of TSIWP's breach of a commercial lease. TSIWP's parent company, Town Sports International, LLC (hereinafter TSI), was jointly and severally liable for the sum of $400,000, plus interest, pursuant to a limited guaranty of TSIWP's lease obligations up to that amount. TSI satisfied the 2009 judgment in full, and entered into a payment plan with Cappelli Enterprises, Inc. (hereinafter CEI), with which it had entered into an indemnification agreement dated August 2, 2004. In the indemnification agreement, CEI agreed to reimburse TSI for TSI's satisfaction of the 2009 judgment.

Upon the petitioner's appeal from the 2009 judgment, this Court reversed the 2009 judgment insofar as appealed from, and awarded the petitioner additional damages (*see White Plains Plaza Realty, LLC v Town Sports Intl., LLC*, 79 AD3d 1025 [2010]). In 2011, the Supreme Court entered a judgment (hereinafter the 2011 judgment) in the petitioner's favor and against TSIWP for the unpaid additional damages. The 2011 judgment remains unsatisfied.

Thereafter, the petitioner commenced the instant proceeding pursuant to CPLR 5227 to require CEI to satisfy the 2011 judgment. The petition alleges that CEI was indebted to TSIWP pursuant to the indemnification agreement. CEI moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the petition, arguing that TSIWP was not a party to the indemnification agreement and, thus, CEI was not a proper respondent in this proceeding. In the order appealed from, the Supreme Court denied the motion, determining that TSIWP was an intended third-party beneficiary of the indemnification agreement and that CEI was a proper respondent in this proceeding.

Pursuant to CPLR 5227, a special proceeding may be commenced by a judgment creditor "against any person who it is shown is or will become indebted to the judgment debtor." Such

a proceeding is properly asserted against one who agreed to indemnify the judgment debtor in the underlying proceeding (*see generally Matter of Sormani v Orange County Community Coll.*, 263 AD2d 511 [1999]; *Julien J. Studley, Inc. v Lefrak*, 79 AD2d 574 [1980]). The judgment creditor stands in the judgment debtor's shoes, and may enforce the obligations owed to the judgment debtor by the indemnifying party (*see Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652, 657 [1976]; *Matter of Lee v Maltais*, 250 AD2d 951 [1998]; *Bass v Bass*, 140 AD2d 251 [1988]).

A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint or petition on the ground that a defense is founded on documentary evidence may be appropriately granted where the documentary evidence utterly refutes the plaintiff's or petitioner's allegations, conclusively establishing a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]). "On a motion to dismiss [a] complaint [or petition] pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff [or petitioner] the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d at 87). Where evidentiary material is submitted and considered on a motion to dismiss a complaint or petition pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff or petitioner has a cause of action, not whether the plaintiff or petitioner has stated one, and unless it has been shown that a material fact as claimed by the plaintiff or petitioner to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *Norment v Interfaith Ctr. of N.Y.*, 98 AD3d 955 [2012]).

Here, TSIWP, the judgment debtor, was not a party to the indemnification agreement. However, the Supreme Court properly determined that TSIWP was an intended third-party beneficiary of the indemnification agreement. Parties asserting third-party beneficiary rights under a contract must establish: (1) the existence of a valid and binding contract between other parties; (2) that the contract was intended for their benefit; and (3) that the benefit to them is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting

parties of a duty to compensate them if the benefit is lost (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]; *Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d 783, 786 [2006]; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 336 [1983]). Where performance is rendered directly to a third party, it is presumed that the third party is an intended beneficiary of the contract (*see Logan-Baldwin v L.S.M. Gen. Contrs., Inc.*, 94 AD3d 1466, 1468 [2012]; *Internationale Nederlanden [U.S.] Capital Corp. v Bankers Trust Co.*, 261 AD2d 117, 123 [1999]; *Key Intl. Mfg. v Morse/Diesel, Inc.*, 142 AD2d 448, 454 [1988]).

Indemnity contracts are to be strictly construed to avoid reading into them duties which the parties did not intend to be assumed (*see Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 417 [2006]; *Tonking v Port Auth. of N.Y. & N.J.*, 3 NY3d 486, 490 [2004]; *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *Mikulski v Adam R. West, Inc.*, 78 AD3d 910 [2010]). Here, however, the intent of TSI and CEI to benefit TSIWP is apparent from the face of the indemnification agreement (*see East Coast Athletic Club, Inc. v Chicago Tit. Ins. Co.*, 39 AD3d 461 [2007]; *LaSalle Natl. Bank v Ernst & Young*, 285 AD2d 101, 108 [2001]).

In the subject indemnification agreement, CEI agreed to indemnify TSI for any claims "arising out of the [commercial] Lease (including any losses and/or liabilities of [TSIWP] under, pursuant to or in connection with the [commercial] Lease; but not arising out of or in connection with the [limited] Guaranty) from and after the date [TSIWP] vacates the Demised Premises." CEI further agreed to pay all "rents, tax increase payments, operating increase payments and any and all other charges of any nature due from [TSIWP] under the [commercial] Lease" from the time TSIWP vacated the demised premises. Specifically excluded from this obligation were claims related to damage to the demised premises. The indemnification agreement further provides that CEI's defense of TSIWP "pursuant to this Indemnification Agreement" would be handled by counsel selected by CEI.

The foregoing provisions provide sufficient immediate benefits to TSIWP so as to render TSIWP an intended third-party beneficiary of the indemnification agreement that is entitled to enforce the agreement against CEI. That payment was to be rendered to TSI, and not to TSIWP directly, is not determinative. CEI undertook TSIWP's obligations under the commercial lease, over and above the obligations of TSI under the limited guaranty. As the 2011 judgment arose from TSIWP's obligations

under the commercial lease, CEI is a proper party to this proceeding.

Moreover, CEI's contention that its obligations under the indemnification agreement expired upon the petitioner's termination of the commercial lease is unavailing. The provision of the indemnification agreement relied upon by CEI conditions such expiration upon CEI's timely compliance with its payment obligations, which CEI failed to establish or allege. Accordingly, CEI failed to establish its entitlement to dismissal of the petition, and its motion pursuant to CPLR 3211 (a) was properly denied.

The petitioner's request for certain affirmative relief is not properly before this Court since it did not cross-appeal from the order appealed from (*see Hecht v City of New York*, 60 NY2d 57, 61 [1983]; *Magel v John T. Mather Mem. Hosp.*, 95 AD3d 1081 [2012]). Balkin, J.P., Leventhal, Lott and Sgroi, JJ., concur.