■ In the Matter of WHITE PLAINS PLAZA REALTY, LLC, Respondent, v CAPPELLI ENTERPRISES, INC., Appellant. [8 NYS3d 369]—

In a proceeding by a judgment creditor pursuant to CPLR 5227, Cappelli Enterprises, Inc., appeals from a judgment of the Supreme Court, Westchester County (Smith, J.), dated June 5, 2013, which, upon an order of the same court dated May 30, 2013, granting the petitioner's motion for summary judgment on the petition and denying its cross motion for summary judgment dismissing the petition, is in favor of the petitioner and against it in the principal sum of $900,561.53.

Ordered that the judgment is affirmed, with costs.

In 2009, the petitioner obtained a judgment (hereinafter the 2009 judgment) against TSI White Plains, LLC (hereinafter TSIWP), in the sum of $683,239.56, arising out of TSIWP's breach of a commercial lease. TSIWP's parent company, Town Sports International, LLC (hereinafter TSI), was jointly and severally liable for the sum of $400,000, plus interest, pursuant to a limited guaranty of TSIWP's lease obligations up to that amount. TSI satisfied the 2009 judgment in full, and entered into a payment plan with Cappelli Enterprises, Inc. (hereinafter CEI), with which it had entered into an indemnification agreement dated August 2, 2004.

In the indemnification agreement, CEI agreed to indemnify TSI for any claims "arising out of the [commercial] Lease (including any losses and/or liabilities of [TSIWP] under, pursuant to or in connection with the [commercial] Lease; but not arising out of or in connection with the [limited] Guaranty) from and after the date [TSIWP] vacates the Demised Premises." CEI further agreed to pay promptly, when due, all "rents, tax increase payments, operating increase payments and any and all other charges of any nature due from [TSIWP] under the [commercial] Lease" from the time TSIWP vacated the demised premises.

Upon the petitioner's appeal from the 2009 judgment, this Court reversed the 2009 judgment insofar as appealed from, and awarded the petitioner additional damages (see White Plains Plaza Realty, LLC v Town Sports Intl., LLC, 79 AD3d 1025 [2010]). In 2011, the Supreme Court entered a judgment (hereinafter the 2011 judgment) in the petitioner's favor and against TSIWP for the unpaid additional damages. The 2011 judgment remains unsatisfied.

Thereafter, the petitioner commenced the instant proceeding pursuant to CPLR 5227 to require CEI to satisfy the 2011 judgment. The petition alleges that CEI was indebted to TSIWP pursuant to the indemnification agreement. CEI moved to dismiss the petition, arguing that TSIWP was not a party to the indemnification agreement and, thus, CEI was not a proper respondent in this proceeding. The Supreme Court denied the motion and, on appeal, this Court affirmed, stating that, although TSIWP was not a party to the indemnification agreement, the Supreme Court had properly determined that TSIWP was an intended third-party beneficiary of the indemnification agreement (*see Matter of White Plains Plaza Realty, LLC v Cappelli Enters., Inc.*, 108 AD3d 634 [2013]).

Meanwhile, the petitioner moved for summary judgment on the petition, and CEI cross-moved for summary judgment dismissing the petition. The Supreme Court granted the petitioner's motion and denied CEI's cross motion. Judgment was entered in favor of the petitioner and against CEI in the principal sum of $900,561.53. CEI appeals from the judgment.

Pursuant to CPLR 5227, a special proceeding may be commenced by a judgment creditor "against any person who it is shown is or will become indebted to the judgment debtor." Such a proceeding is properly asserted against one who agreed to indemnify the judgment debtor in the underlying proceeding (*see generally Matter of Sormani v Orange County Community Coll.*, 263 AD2d 511 [1999]; *Julien J. Studley, Inc. v Lefrak*, 79 AD2d 574 [1980]). The judgment creditor stands in the judgment debtor's shoes, and may enforce the obligations owed to the judgment debtor by the indemnifying party (*see Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652, 657 [1976]; *Matter of Lee v Maltais*, 250 AD2d 951 [1998]; *Bass v Bass*, 140 AD2d 251 [1988]).

Contrary to CEI's contention, the Supreme Court properly determined that TSIWP was an intended third-party beneficiary of the indemnification agreement. As this Court stated on the prior appeal, "the intent of TSI and CEI to benefit TSIWP is apparent from the face of the indemnification agreement," and the provisions of the agreement "provide sufficient immediate benefits to TSIWP so as to render TSIWP an intended third-party beneficiary of the indemnification agreement that is entitled to enforce the agreement against CEI" (*Matter of White Plains Plaza Realty, LLC v Cappelli Enters., Inc.*, 108 AD3d at 637; *see generally Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]; *East Coast Athletic Club, Inc. v Chicago Tit. Ins. Co.*, 39 AD3d 461, 463 [2007]).

Contrary to CEI's contention, its obligation was not limited to reimbursement of any rental payments voluntarily made by TSI over its limited guaranty. The indemnification agreement provides for prompt payment of TSIWP's rent obligations under the commercial lease when due. As this Court stated on the prior appeal, the fact that payment was to be rendered to TSI, and not to TSIWP directly, is not determinative, since "CEI undertook TSIWP's obligations under the commercial lease, over and above the obligations of TSI under the limited guaranty" (*Matter of White Plains Plaza Realty, LLC v Cappelli Enters., Inc.*, 108 AD3d at 637).

Finally, CEI's obligations under the indemnification agreement did not expire upon the petitioner's termination of the commercial lease. The indemnification agreement conditioned the expiration of CEI's obligations upon CEI's timely compliance with its payment obligations, and CEI failed to timely comply with its payment obligations. Accordingly, the petitioner established its prima facie entitlement to judgment as a matter of law, and, in opposition, CEI failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Therefore, the Supreme Court properly granted the petitioner's motion, denied CEI's cross motion, and entered judgment in favor of the petitioner. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.