Matter of Briggs v Briggs (2019 NY Slip Op 02517)





Matter of Briggs v Briggs


2019 NY Slip Op 02517


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2018-09152
 (Docket Nos. V-11031-16, V-11032-16, V-06073-17, V-06074-17)

[*1]In the Matter of Christine Marie Briggs, respondent,
v
Christopher Francis Briggs, appellant.


Curtis R. Exum, Hauppauge, NY, for appellant.
The Safe Center, LI, Bethpage, NY (Vanessa Sanders of counsel), for respondent.
David Laniado, Cedarhurst, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Robert LoPresti, Ct. Atty. Ref.), dated June 22, 2018. The order, insofar as appealed from, after a hearing, (1) denied the father's motion to dismiss the mother's petitions for lack of jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, (2) in effect, granted the mother's petition, in effect, to exercise jurisdiction, and (3), upon dismissing the mother's petition for custody of the parties' children, exercised jurisdiction by directing that the parties engage in mediation in New York under the terms of the divorce decree, as modified by its order.
ORDERED that the order dated June 22, 2018, is affirmed insofar as appealed from, without costs or disbursements.
The parties married in 2001 and had two children together. In August 2014, the family moved from New York to South Carolina when the father obtained employment in that state. In 2015, the mother moved back to New York with the children. During divorce proceedings in South Carolina, the parties entered into an agreement regarding custody and parental access, the terms of which were formalized in a decree of the Family Court, Beaufort County, South Carolina. The divorce became final by decree of the South Carolina court in September 2016.
In November 2016, the mother filed a petition in the Family Court, Nassau County, which, although denominated as a petition to modify parental access, sought only that the court exercise jurisdiction (hereinafter the jurisdiction petition). In June 2017, the mother filed a second petition in the Family Court, Nassau County, seeking to modify the divorce decree by awarding her custody of the children (hereinafter the custody petition). The father moved to dismiss the petitions on the ground that the Family Court, Nassau County, lacked jurisdiction. After communicating with the South Carolina court by email, as authorized by Domestic Relations Law § 75-i, the Family Court directed a hearing on the issue of jurisdiction. In the middle of that hearing, the father moved for a mistrial and for recusal of the Court Attorney Referee. The Family Court denied the father's motion for a mistrial and recusal.
In the order appealed from, the Family Court determined that the father was no longer a resident of South Carolina and that it had jurisdiction to consider the mother's requests for modification of the custody and parental access provisions of the divorce decree. The court directed that the parties engage in mediation in New York, and it dismissed the mother's custody petition without prejudice. Thus, the court denied the father's motion to dismiss the mother's petitions for lack of jurisdiction, in effect, granted the mother's jurisdiction petition, and, upon dismissing the mother's custody petition, exercised jurisdiction by directing the parties to engage in mediation in New York pursuant to the modified divorce decree. The father appeals.
We agree with the Family Court's determination to deny the father's motion to dismiss the mother's petitions for lack of jurisdiction. Domestic Relations Law § 76-b, which is part of the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-a [hereinafter the UCCJEA]) provides that a court of this state "may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial [custody] determination" and, insofar as relevant here, "[a] court of this state . . . determines that the child [and] the child's parents . . . do not presently reside in the other state" (Domestic Relations Law § 76-b[2]). Here, the only point of contention between the parties is whether the father does not presently reside in South Carolina so as to confer jurisdiction upon the Family Court to modify the custody provisions of the South Carolina divorce decree (see Domestic Relations Law § 76-b[2]).
The UCCJEA contains no definition of "reside" or "residence." "In the absence of a statutory definition, we construe words of ordinary import with their usual and commonly understood meaning," which in the case of the term "reside," implies "something more than temporary or physical presence[ ] with some degree of permanence and [an] intention to remain" (Yaniveth R. v LTD Realty Co., 27 NY3d 186, 192-193 [internal quotation marks omitted]; see Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708; Matter of Newcomb, 192 NY 238, 250). The Family Court determined, based on consideration of the evidence submitted and the credibility of the parties, that the father no longer resided in South Carolina, but had relocated to New York. In reviewing the determination of a Family Court, we accord due deference to that court's assessment of witness credibility in light of its first-hand opportunity to evaluate the witnesses (see Paul v Paul, 161 AD3d 888, 891; Matter of Wright v Stewart, 131 AD3d 1256, 1257). Here, the court's determination that the father no longer resides in South Carolina was supported by the credible evidence in the record, and we find no basis to disturb it.
The father's contention that the Family Court did not comply with Domestic Relations Law § 75-i in its communication with the South Carolina court lacks merit. The court properly contacted the South Carolina court, informed the parties of the communication, and provided them the opportunity to present facts and arguments before making a determination on the issue of jurisdiction (see Domestic Relations Law § 75-i[2], [4]; Matter of Montanez v Tompkinson, 167 AD3d 616, 620). Most significantly, the court described its email communications with the South Carolina court to both parties on the record and made those communications available to the parties to review upon their request, and it gave the parties a full evidentiary hearing.
The father's remaining contentions are without merit.
Accordingly, we agree with the Family Court's determinations to deny the father's motion to dismiss the mother's petitions on the ground of lack of jurisdiction, to, in effect, grant the mother's jurisdiction petition, and to exercise jurisdiction by directing the parties to engage in mediation in New York under the terms of the modified divorce decree.
The mother's request for certain affirmative relief is not properly before this Court, since the mother did not cross-appeal from the order appealed from (see Hecht v City of New York, 60 NY2d 57, 61-62; Matter of White Plains Plaza Realty, LLC v Cappelli Enters., Inc., 108 AD3d 634, 638).
RIVERA, J.P., BALKIN, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court