Matter of Argyle Funds SPC, Inc. v Barrick (2024 NY Slip Op 01806)

Matter of Argyle Funds SPC, Inc. v Barrick

2024 NY Slip Op 01806

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2020-04653
 (Index No. 603061/19)

[*1]In the Matter of Argyle Funds SPC, Inc., et al., appellants, 
v
Donald W. Barrick, etc., et al., respondents.

Reed Smith LLP, New York, NY (Casey D. Laffey of counsel), for appellants.

DECISION & ORDER
In a proceeding pursuant to CPLR article 52 to compel the turnover of property, the petitioners appeal from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered May 4, 2020. The order denied the amended petition.
ORDERED that the order is reversed, on the law, with costs, and the amended petition is granted.
Between January 2010 and October 2012, the petitioner Argyle Funds SPC, Inc. (hereinafter Argyle), engaged the services of RMP Capital Corp. (hereinafter RMP) and ECB Funding, LLC (hereinafter ECB), to build an investment portfolio. As part of their agreements, Argyle extended loans in the sum of approximately $31 million. RMP and ECB did not repay the principal on the loans, and the debt remains unsatisfied.
Similarly, in February 2013, the petitioner Ardent Harmony Fund, Inc. (hereinafter Ardent), engaged the services of RMP and Bruin Funding, LLC (hereinafter Bruin), to build an investment portfolio. Ardent loaned RMP and Bruin approximately $20.25 million, which RMP and Bruin did not repay. The debt remains unsatisfied.
Argyle and Ardent (hereinafter together the judgment creditors) commenced actions against RMP, ECB, and Bruin (hereinafter collectively the RMP judgment debtors), and in September 2016, default judgments were entered in favor of Argyle in the total sum of approximately $32.6 million and in favor of Ardent in the total sum of approximately $20.5 million. The judgments against the RMP judgment debtors remain unsatisfied, and the judgment creditors assert that they have exhausted all avenues of potential execution.
After the 2016 judgments were entered, the judgment creditors served postjudgment document subpoenas on JPMorgan Chase Bank N.A. and Wells Fargo, N.A., which produced copies of the RMP judgment debtors' checking and savings account statements. The statements revealed that between May 2011 and May 2016, the RMP judgment debtors transferred approximately $31 million into accounts held by Integrated Book Technology, Inc., Bay Energy Services, Inc., MKH Transportation, Inc., Walter A. Smith Enterprises, Inc., and Medar RMP SPV 1, LLC (hereinafter collectively the RMP transferees). The RMP judgment debtors only received approximately $3 million in return from the RMP transferees, and by May 2016, the RMP judgment debtors' bank [*2]accounts were either empty or nearly empty.
The judgment creditors also commenced actions against Donald Barrick, the owner of the RMP judgment debtors, and his wife, Nancy Barrick (hereinafter together the Barricks). In 2017, default judgments were entered in favor of Ardent and against Donald Barrick in the total sum of approximately $29.2 million, in favor of Argyle and against Donald Barrick in the total sum of approximately $46.4 million, in favor of Ardent and against Nancy Barrick in the total sum of approximately $39,000, and in favor of Argyle and against Nancy Barrick in the total sum of approximately $10.9 million. These judgments also remain unsatisfied.
In 2010, the Barricks jointly acquired their home (hereinafter the Barrick estate) for approximately $1.5 million. Approximately one year later, the Barricks transferred title of the Barrick estate to Nancy Barrick in fee simple. In 2015, Nancy Barrick transferred title to the Donald W. Barrick Family 2004 Trust (hereinafter the Barrick Trust) in exchange for $10. Nancy Barrick and her brother are the trustees of the Barrick Trust.
The judgment creditors commenced this proceeding pursuant to CPLR 5225(b) and 5227 to compel the settlor and trustees of the Barrick Trust to turn over title to the Barrick estate and to compel the RMP transferees to turn over the money transferred into their accounts. None of the respondents answered or appeared in the proceeding. In an order entered May 4, 2020, the Supreme Court denied the amended petition. The judgment creditors appeal.
CPLR 5225(b) "'provides for an expedited special proceeding by a judgment creditor to recover money or other personal property belonging to a judgment debtor against a person in possession or custody of money or other personal property in which the judgment debtor has an interest in order to satisfy a judgment'" (Matter of Rockefeller v Statement Servs., Corp., 204 AD3d 922, 924, quoting Matter of Signature Bank v HSBC Bank USA, N.A., 67 AD3d 917, 918 [internal quotation marks omitted]). A proceeding pursuant to CPLR 5225(b) "may also be maintained 'against a person who is a transferee of money or other personal property from the judgment debtor'" (Matter of Rockefeller v Statement Servs., Corp., 204 AD3d at 924, quoting CPLR 5225[b]).
Pursuant to CPLR 5227, "a special proceeding may be commenced by a judgment creditor 'against any person who it is shown is or will become indebted to the judgment debtor'" (Matter of White Plains Plaza Realty, LLC v Cappelli Enters., Inc., 127 AD3d 1220, 1221, quoting CPLR 5227). In a proceeding pursuant to CPLR 5227, the "judgment creditor stands in the judgment debtor's shoes, and may enforce the obligations owed to the judgment debtor by the indemnifying party" (Matter of White Plains Plaza Realty, LLC v Cappelli Enters., Inc., 127 AD3d at 1221).
In order to succeed on a turnover petition, the petitioner "must show 'that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee'" (Matter of Rockefeller v Statement Servs., Corp., 204 AD3d at 924, quoting CPLR 5225[b]). A judgment debtor's interest in certain property may be established by showing that the transfer of that property from the judgment debtor to a transferee was fraudulent (see Joslin v Lopez, 309 AD2d 837, 838).
Pursuant to the former version of Debtor and Creditor Law § 276, which was applicable at all relevant times here, "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors" (id. former § 276, repealed by L 2019, ch 580, § 2 [eff Apr. 4, 2020]). When considering whether a conveyance was made with actual intent to defraud, courts will "consider 'badges of fraud,' which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent" (Matter of Steinberg v Levine, 6 AD3d 620, 621, quoting Pen Pak Corp. v LaSalle Natl. Bank of Chicago, 240 AD2d 384, 386; see JDI Display Am., Inc. v Jaco Elecs., Inc., 188 AD3d 844, 846). These badges of fraud include "lack or inadequacy of consideration, family, friendship, or close associate relationship between transferor and transferee, the debtor's retention of possession, benefit, or use of the property in question, the existence of a pattern or series of transactions or course of [*3]conduct after the incurring of debt, and the transferor's knowledge of the creditor's claim and the inability to pay it" (Matter of Steinberg v Levine, 6 AD3d at 621).
Here, the judgment creditors offered sufficient evidence to establish that Nancy Barrick transferred the Barrick estate to the Barrick Trust with actual intent to hinder, delay, and defraud present or future creditors pursuant to Debtor and Creditor Law former § 276 (see Matter of Steinberg v Levine, 6 AD3d at 621). The evidence demonstrated that Nancy Barrick transferred title to the Barrick estate without adequate consideration to a trust for which she and her brother served as the trustees while retaining control over and possession of the property.
Likewise, the judgment creditors also offered sufficient evidence to establish that the conveyances from the RMP judgment debtors to the RMP transferees were made with actual intent to defraud present and future creditors pursuant to Debtor and Creditor Law former § 276. Based on the uncontroverted facts and extensive documentary evidence, the transfers were made without adequate consideration and evinced a distinct course of conduct after incurring large debts to the judgment creditors to render the RMP judgment debtors insolvent (see Matter of Steinberg v Levine, 6 AD3d at 621).
Accordingly, the Supreme Court should have granted the amended petition.
The judgment creditors' remaining contention need not be addressed in light of our determination.
BARROS, J.P., CONNOLLY, MILLER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court