■ ANNA KAVANAGH, Appellant, v 107-18 REALTY ASSN. et al., Defendants, and UNO CHICAGO BAR AND GRILL, Respondent. [980 NYS2d 826]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered February 10, 2012, which granted the motion of the defendant Uno Chicago Bar and Grill pursuant to CPLR 3025 (b) for leave to amend its answer to assert the defense of discharge in bankruptcy and for summary judgment dismissing the complaint insofar as asserted against it and denied her cross motion for a hearing on the issue of whether to enforce an alleged settlement agreement.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant Uno Chicago Bar and Grill which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying the plaintiff's cross motion for a hearing on the issue of whether to enforce an alleged settlement agreement, and substituting therefor a provision granting the plaintiff's cross motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff commenced this action to recover damages for personal injuries against, among others, Uno Chicago Bar and Grill (hereinafter Uno Chicago).

The Supreme Court properly granted that branch of Uno Chicago's motion which was pursuant to CPLR 3025 (b) for leave to amend its answer to assert the defense of discharge in bankruptcy. Contrary to the plaintiff's contention, the Supreme Court had jurisdiction to determine whether the plaintiff's claim against Uno Chicago was discharged in bankruptcy (*see State of New York v Wilkes*, 41 NY2d 655, 657 [1977]; *Chevron Oil Co. v Dobie*, 40 NY2d 712, 714-715 [1976]; *Vleming v Chrysler Corp., Dodge Div.*, 90 AD2d 773, 774 [1982]).

However, the Supreme Court should have denied that branch of Uno Chicago's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and should have granted the plaintiff's cross motion for a hearing on the issue of whether to enforce an alleged settlement agreement. In opposition to Uno Chicago's prima facie showing that the plaintiff's claim was discharged in bankruptcy, the plaintiff raised a triable issue of fact regarding whether, after the claim purportedly was discharged, the plaintiff accepted Uno Chicago's offer to pay $10,000 in settlement of the plaintiff's claim, and whether the alleged settlement agreement should thus be enforced (*see Forcelli v Gelco Corp.*, 109 AD3d 244, 251-252 [2013]; *Town of Carmel v Melchner*, 105 AD3d 82, 98 [2013]; Restatement [Second] of Contracts § 63; 22 NY Jur 2d, Contracts §§ 45, 53). Mastro, J.P., Dickerson, Lott and Hinds-Radix, JJ., concur.