JDI Display Am., Inc. v Jaco Electronics, Inc. (2020 NY Slip Op 06507)





JDI Display Am., Inc. v Jaco Electronics, Inc.


2020 NY Slip Op 06507


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-10059
 (Index No. 623968/17)

[*1]JDI Display America, Inc., respondent,
v
Jaco Electronics, Inc., et al., defendants, Joel Girsky, et al., appellants.


Foley & Lardner LLP, New York, NY (Derek L. Wright, Douglas E. Spelfogel, and Benjamin I. Bassoff of counsel), for appellants.
The Law Office of John F. Olsen, LLC, Rye Brook, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to set aside a conveyance as fraudulent pursuant to Debtor and Creditor Law article 10, the defendants Joel Girsky, Robert Savacchio, and Jeffrey Gash appeal from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated July 9, 2018. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action insofar as asserted against them, and granted that branch of the plaintiff's cross motion which was pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff develops, manufactures, and sells display devices and related products. From September 2014 through October 2017, the defendant Jaco Electronics, Inc. (hereinafter Jaco Electronics), was a licensed distributor of the plaintiff's products. As of July 2017, Jaco Electronics owed the plaintiff approximately $550,000 for products the plaintiff shipped to it. In August 2017, Jaco Electronics' assets were purchased by the defendant Jaco Display Solutions, LLC. According to the complaint, as part of this deal, Jaco Electronics received an investment of more than $1 million, and then transferred this sum to the defendant Joel Girsky, one of its directors and shareholders, leaving it insolvent. In an effort to recover damages for the outstanding amount owed to it by Jaco Electronics, the plaintiff commenced this action against, among others, Jaco Electronics' directors and shareholders, Girsky, Robert Savacchio, and Jeffrey Gash (hereinafter collectively the appellants). The first cause of action sought to set aside the alleged fraudulent conveyances between Jaco Electronics and Girsky pursuant to Debtor and Creditor Law article 10, as it then existed.
Thereafter, the appellants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. The plaintiff cross-moved for leave to amend its complaint and to strike the answer of Jaco Electronics. By order dated July 9, 2018, the Supreme Court, inter alia, denied that branch of the appellants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action insofar as asserted against them, and granted that [*2]branch of the plaintiff's cross motion which was pursuant to CPLR 3025(b) for leave to amend the complaint.
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 88; Meyer v North Shore—Long Is. Jewish Health Sys., Inc., 137 AD3d 880, 880-881). However, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (Maas v Cornell Univ., 94 NY2d 87, 91 [internal quotation marks omitted]; see Myers v Schneiderman, 30 NY3d 1, 11).
Pursuant to Debtor and Creditor Law former § 273, a conveyance that renders the conveyor insolvent is fraudulent as to creditors without regard to actual intent, if the conveyance was made without fair consideration (see Debtor and Creditor Law former § 273; Board of Mgrs. of E. Riv. Tower Condominium v Empire Holdings Group, LLC, 175 AD3d 1377). Pursuant to Debtor and Creditor Law former § 275, "[e]very conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he [or she] will incur debts beyond his [or her] ability to pay as they mature, is fraudulent as to both present and future creditors." The good faith of both the transferor and transferee is an indispensable element of fair consideration (see Matter of Mega Personal Lines, Inc. v Halton, 9 AD3d 553; Berner Trucking v Brown, 281 AD2d 924), and preferential transfers of corporate funds to directors, officers, and shareholders of insolvent corporations in derogation of the rights of general creditors do not fulfill the requirement of good faith (see American Panel Tec v Hyrise, Inc., 31 AD3d 586, 587-588; Farm Stores v School Feeding Corp., 102 AD2d 249, affd in part 64 NY2d 1065. Violations of Debtor and Creditor Law former §§ 273 and 275 need not be pleaded with heightened particularity pursuant to CPLR 3016(b) (see Gateway I Group, Inc. v Park Ave. Physicians, P.C., 62 AD3d 141; Menaker v Alstaedter, 134 AD2d 412).
Debtor and Creditor Law former § 276 provides that "[e]very conveyance made . . . with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent." "The requisite intent required by this section need not be proven by direct evidence, but may be inferred from the circumstances surrounding the allegedly fraudulent transfer" (Matter of Steinberg v Levine, 6 AD3d 620, 621). In determining whether a conveyance was fraudulent, the "courts 'will consider "badges of fraud" which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent'" (Pen Pak Corp. v LaSalle Natl. Bank of Chicago, 240 AD2d 384, 386, quoting MFS/Sun Life Trust—High Yield Series v Van Dusen Airport Servs. Co., 910 F Supp 913, 935; see Matter of Steinberg v Levine, 6 AD3d at 621).
Here, the first cause of action states cognizable claims alleging a fraudulent conveyance pursuant to Debtor and Creditor Law former §§ 273, 275 and 276. The plaintiff sufficiently alleged that Jaco Electronics transferred corporate funds it had received from the sale of its assets to Girsky, one of its directors and shareholders, and that said transfer left it insolvent. The complaint also contained sufficient factual assertions and badges of fraud, pleaded with the particularity required by CPLR 3016(b), to support the allegation that Jaco Electronics believed that it would not be able to pay its debts after it transferred funds to Girsky, which give rise to an inference that Jaco Electronics intended to hinder, delay, or defraud the plaintiff (see Swartz v Swartz, 145 AD3d 818, 826; Dempster v Overview Equities, 4 AD3d 495). Contrary to the appellants' contentions, the documentary evidence they relied upon did not flatly contradict these claims. Accordingly, we agree with the Supreme Court's determination denying that branch of the appellants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action insofar as asserted against them.
We also agree with the Supreme Court's determination granting the plaintiff's cross motion for leave to amend the complaint. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, [*3]222; accord Clarke v Laidlaw Tr., Inc., 125 AD3d 920, 922). "The party opposing the application has the burden of establishing prejudice, which requires a showing that the party 'has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position'" (Redd v Village of Freeport, 150 AD3d 780, 781 [citation omitted], quoting Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, 23). Here, the appellants alleged no surprise or prejudice (see Redd v Village of Freeport, 150 AD3d at 781). Moreover, the proposed amendments are not palpably insufficient or patently devoid of merit (see Clarke v Laidlaw Tr., Inc., 125 AD3d at 923).
CHAMBERS, J.P., ROMAN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court