Costea v Vemen Mgt. Corp. (2023 NY Slip Op 00411)

Costea v Vemen Mgt. Corp.

2023 NY Slip Op 00411

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-06118
 (Index No. 606601/19)

[*1]Nicholas Costea, etc., respondent, 
v
Vemen Management Corp., et al., appellants.

Kordas & Marinis, LLP (Rosenberg Calica & Birney LLP, Garden City, NY [Edward M. Ross], of counsel), for appellants.
The Law Firm of Elias C. Schwartz PLLC, Great Neck, NY (Jennifer J. Bock and Sarah R. Gitomer of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Nassau County (Catherine Rizzo, J.), entered August 12, 2021. The judgment, upon a decision of the same court dated June 25, 2021, as resettled July 20, 2021, made after a nonjury trial, is in favor of the plaintiff and against the defendants on the causes of action alleging breach of contract and violations of the Debtor and Creditor Law in the total sum of $441,489.68.
ORDERED that the judgment is modified, on the law and the facts, (1) by deleting the provision thereof which is in favor of the plaintiff and against the defendants on the causes of action alleging violations of the Debtor and Creditor Law, and substituting therefor a provision dismissing those causes of action, and (2) by reducing the award of attorneys' fees from the sum of $171,434.01 to the sum of $750; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.
On December 26, 2000, Anna Costea and Andreas Costea (hereinafter together the Costeas) entered into a lease agreement with 401 Sunrise Corp. (hereinafter Sunrise). Pursuant to the lease agreement, the Costeas leased to Sunrise certain real property located in Lynbrook (hereinafter the subject property), which was used to operate a diner. In July 2018, Sunrise filed for bankruptcy protection under Chapter 11 in the United States Bankruptcy Court for the Eastern District of New York (hereinafter the Bankruptcy Court).
On November 28, 2018, the defendant Vemen Management Corp. (hereinafter Vemen), acting as nominee, purchased the diner from Sunrise at auction for $50,000, which included Sunrise's rights and obligations under the lease agreement. The purchase was directed by the defendant Vassilio Kefalas through his attorney. On January 11, 2019, the Bankruptcy Court approved the assumption and assignment of the lease agreement to Vemen or its assignee. Pursuant to an assignment agreement dated March 29, 2019, Sunrise assigned its obligations under the lease [*2]agreement to the defendant Cosmopolitan Diner, LLC (hereinafter Cosmopolitan), as assignee of Vemen. Cosmopolitan was an entity that Kefalas formed in early 2019, as the sole owner, for the purpose of acquiring the diner and lease from Sunrise. Thereafter, the defendants took possession of the subject property, but did not make monthly rental payments for the months of April, May, and June 2019, and did not pay a security deposit, real estate taxes, or late fees.
In May 2019, Anna Costea commenced this action, inter alia, to recover damages for breach of contract, violations of the Debtor and Creditor Law, and fraud. Anna Costea subsequently died, and the caption was amended by substituting Nicholas Costea, as trustee of the revocable trust agreements of Anna Costea and Andreas Costea, as the plaintiff. In September 2019, the defendants moved, among other things, in effect, pursuant to CPLR 3211(a)(2) to dismiss the complaint for lack of subject matter jurisdiction. In an order entered November 27, 2019, the Supreme Court denied the defendants' motion. The defendants appealed from the order, and in a related appeal, we have dismissed the appeal from the order pursuant to Matter of Aho (39 NY2d 241) (Costea v Vemen Mgt. Corp., ___ AD3d ___ [Appellate Division Docket No. 2020-00062; decided herewith]).
The Supreme Court held a nonjury trial in May and June 2021. In a decision dated June 25, 2021, the court determined, inter alia, that the plaintiff was entitled to recover on the causes of action alleging breach of contract and violations of the Debtor and Creditor Law against each of the defendants, jointly and severally. A judgment was entered on August 12, 2021, in favor of the plaintiff and against the defendants in the total sum of $441,489.68, which included an award of attorneys' fees in the sum of $171,434.01. The defendants appeal.
"The Court of Appeals has determined that a nonfinal order 'necessarily affects' the final judgment 'in cases where the prior order str[uck] at the foundation on which the final judgment was predicated,' such that 'reversal would inescapably have led to a vacatur of the judgment'" (Stanescu v Stanescu, 206 AD3d 1031, 1033, quoting Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025). "The Court of Appeals also has determined that a nonfinal order necessarily affects the final judgment where the order 'necessarily removed [a] legal issue from the case so that there was no further opportunity during the litigation to raise the question decided by the prior non-final order'" (Stanescu v Stanescu, 206 AD3d at 1033, quoting Bonczar v American Multi-Cinema, Inc., 38 NY3d at 1026 [internal quotation marks omitted]). Thus, so much of the order entered November 27, 2019, as denied that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211(a)(2) to dismiss the complaint for lack of subject matter jurisdiction necessarily affected the judgment and is brought up for review by this Court on the appeal from the judgment.
"As a court of original, unlimited and unqualified jurisdiction, the New York State Supreme Court is vested with general original jurisdiction" (21st Century Pharm. v American Intl. Group, 195 AD3d 776, 778 [citations and internal quotation marks omitted]; see NY Const, art VI, § 7[a]). "Congress granted to federal district courts 'exclusive jurisdiction of all cases under title 11 [of the U.S. Code]' and 'original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11'" (Sutton 58 Assoc. LLC v Pilevsky, 36 NY3d 297, 308, quoting 28 USC § 1334[a], [b]). Nonetheless, state courts retain the power to determine certain causes of action that emanate from or are collateral to a bankruptcy proceeding under title 11 (see Sutton 58 Assoc. LLC v Pilevsky, 36 NY3d at 316; Chevron Oil Co. v Dobie, 40 NY2d 712, 714-715; Kavanagh v 107-18 Realty Assn., 114 AD3d 909, 909; Vleming v Chrysler Corp., Dodge Div., 90 AD2d 773, 774).
Here, the "resolution of [the] plaintiff's claims in state court does not risk interference with the Bankruptcy Court's control over, or disposition of, the bankruptcy estate insofar as the present suit does not impair the debtors' estate[ ]" (Sutton 58 Assoc. LLC v Pilevsky, 36 NY3d at 311). The debtor, Sunrise, is not a party to this action, nor is the debtor's estate at issue. Simply put, the outcome of this action could not conceivably affect the debtor's estate. Therefore, the Supreme Court properly determined that it possessed subject matter jurisdiction to decide the causes of action in this action, and properly denied that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211(a)(2) to dismiss the complaint.
"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses" (Crows Nest Mar., Inc. v Delapaz, 181 AD3d 644, 645, citing Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
"An anticipatory breach of contract by a promisor is a repudiation of [a] contractual duty before the time fixed in the contract for . . . performance has arrived" (Princes Point LLC v Muss Dev. L.L.C., 30 NY3d 127, 133 [internal quotation marks omitted]; see Lamarche Food Prods. Corp. v 438 Union, LLC, 178 AD3d 910, 912). "An anticipatory breach of a contract—also known as an anticipatory repudiation—can be either a statement by the obligor to the obligee indicating that the obligor will commit a breach that would of itself give the obligee a claim for damages for total breach or a voluntary affirmative act which renders the obligor unable or apparently unable to perform without such a breach" (Princes Point LLC v Muss Dev. L.L.C., 30 NY3d at 133 [internal quotation marks omitted]; see Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 807). "[U]nder the doctrine of anticipatory repudiation, where one party repudiates its contractual obligations prior to the time designated for performance, the nonrepudiating party may immediately claim damages for total breach and be absolved from its obligations of future performance" (Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d at 806-807 [internal quotation marks omitted]; see Princes Point LLC v Muss Dev. L.L.C., 30 NY3d at 133). "For an anticipatory repudiation to be deemed to have occurred, the expression of intent not to perform by the repudiator must be positive and unequivocal" (Princes Point LLC v Muss Dev. L.L.C., 30 NY3d at 133 [internal quotation marks omitted]; see Lamarche Food Prods. Corp. v 438 Union, LLC, 178 AD3d at 912; Children of Am. [Cortlandt Manor], LLC v Pike Plaza Assoc., LLC, 113 AD3d 583, 584).
Here, the defendants failed to establish a positive and unequivocal renunciation of the lease agreement by the plaintiff. On the contrary, the evidence showed that the plaintiff had limited contact with the defendants until months after the defendants breached the lease agreement. Notably, the defendants continued to occupy the subject property even after the purported repudiation by the plaintiff, and thus, they were not entitled to be absolved of their obligations under the lease agreement (see Princes Point LLC v Muss Dev. L.L.C., 30 NY3d at 133). The evidence adduced at trial also warranted the Supreme Court's determination to hold Kefalas personally liable on the breach of contract cause of action under the theory of piercing the corporate veil and alter ego liability (see Conason v Megan Holding, LLC, 25 NY3d 1, 18; Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d 941, 946; John John, LLC v Exit 63 Dev., LLC, 35 AD3d 540, 541).
"Pursuant to Debtor and Creditor Law former § 275, '[e]very conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he [or she] will incur debts beyond his [or her] ability to pay as they mature, is fraudulent as to both present and future creditors'" (JDI Display Am., Inc. v Jaco Elecs., Inc., 188 AD3d 844, 845). "Debtor and Creditor Law former § 276 provides that '[e]very conveyance made . . . with actual intent . . . to hinder, delay, or defraud either present or future creditors, is fraudulent'" (id. at 845; see Matter of White Plains Plaza Realty, LLC v Cappelli, 188 AD3d 898, 900). "The requisite intent . . . need not be proven by direct evidence, but may be inferred from the circumstances surrounding the allegedly fraudulent transfer" (JDI Display Am., Inc. v Jaco Elecs., Inc., 188 AD3d at 845-846 [internal quotation marks omitted]; see Goldenberg v Friedman, 191 AD3d 641, 643-644). "A plaintiff that successfully establishes actual intent to defraud is entitled to a reasonable attorney's fee under Debtor and Creditor Law § 276-a" (5706 Fifth Ave., LLC v Louzieh, 108 AD3d 589, 590, citing Ford v Martino, 281 AD2d 587, 588).
Here, the evidence at trial showed that pursuant to the assignment agreement, Cosmopolitan took assignment of the lease agreement directly from Sunrise. Those parties exchanged consideration, and no evidence was presented that the purchase was made in bad faith (see JDI Display Am., Inc. v Jaco Elecs., Inc., 188 AD3d at 845, citing Matter of Mega Personal Lines, Inc. v Halton, 9 AD3d 553, Berner Trucking v Brown, 281 AD2d 924) or was surrounded by indicia of fraud. Under these circumstances, the plaintiff failed to establish the defendants' liability [*3]under the provisions of the Debtor and Creditor Law.
In light of the foregoing, the plaintiff was not entitled to recover attorneys' fees under Debtor and Creditor Law § 276-a. In any event, the plaintiffs waived their right to recover statutory attorneys' fees under the terms of the lease agreement, which capped such fees at $750 (cf. Schiferle v Capital Fence Co., Inc., 155 AD3d 122, 130-131).
The defendants' remaining contentions are without merit.
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court