Pine Val. Ctr., LLC v Jacobs (2025 NY Slip Op 02358)

Pine Val. Ctr., LLC v Jacobs

2025 NY Slip Op 02358

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2020-05302 
2020-07502
 (Index No. 32676/16)

[*1]Pine Valley Center, LLC, etc., respondent, 
v
Jeffery Jacobs, et al., appellants.

Ronald V. De Caprio, New City, NY, for appellants.
Hinman, Howard & Kattell, LLP, Binghamton, NY (Harvey D. Mervis of counsel), for respondent.

DECISION & ORDER
In an action to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law former §§ 273 and 276, the defendants appeal (1) from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated May 19, 2020, and (2) an order of the same court dated August 21, 2020. The order dated May 19, 2020, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint and granted that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law former § 276. The order dated August 21, 2020, insofar as appealed from, upon reargument, adhered to the determination in the order dated May 19, 2020, granting that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law former § 276 and, in effect, adhered to the determination in the order dated May 19, 2020, denying the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the appeal from the order dated May 19, 2020, is dismissed, without costs or disbursements, as the portion of the order appealed from was superseded by so much of the order dated August 21, 2020, as was made upon reargument; and it is further,
ORDERED that the order dated August 21, 2020 is modified, on the law, (1) by deleting the provision thereof, upon reargument, adhering to the determination in the order dated May 19, 2020, granting that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law former § 276, and substituting therefor a provision, upon reargument, vacating that determination in the order dated May 19, 2020, and thereupon denying that branch of the cross-motion, and (2) by deleting the provision thereof, upon reargument, in effect, adhering to the determination in the order dated May 19, 2020, denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law former § 273, and substituting therefor a provision, upon reargument, vacating that determination in the order dated May 19, 2020, and thereupon granting that branch of the motion; as so modified, the order dated August 21, 2020, is affirmed insofar as appealed from, without costs or disbursements.
On May 6, 2013, Gail Sherman was admitted to the plaintiff's nursing home facility. Thereafter, Sherman's niece, Francene Jacobs (hereinafter Francene), as Sherman's attorney-in-fact, transferred Sherman's funds, which allegedly was at least $117,959.46, to an account held by the defendant Country Services, Inc. (hereinafter Country). Country was a transportation company solely owned by Francene's husband, the defendant Jeffery Jacobs (hereinafter Jeffery).
In January 2014, the plaintiff commenced an action against Sherman and Francene to recover payment for services provided to Sherman, asserting, inter alia, a cause of action to set aside an alleged fraudulent conveyance (hereinafter the prior action). While the prior action was pending, in July 2016, the plaintiff commenced this action against Jeffery, Country, and the defendant Henry Jacobs, Jeffery's father, to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law former §§ 273 and 276. Subsequently, on February 13, 2018, the plaintiff entered into a settlement agreement with Francene in the prior action whereby Francene agreed to pay the sum of $25,000 to discontinue the prior action against her.
In this action, the defendants moved for summary judgment dismissing the complaint, arguing that the money transferred from Sherman to Country was to satisfy an antecedent debt for prior transportation services that Country provided to Sherman. The plaintiff cross-moved for summary judgment on the complaint. In an order dated May 19, 2020, the Supreme Court, among other things, denied the defendants' motion for summary judgment dismissing the complaint and granted that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law former § 276. Thereafter, the defendants moved for leave to reargue their motion for summary judgment dismissing the complaint and their opposition to that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law former § 276. In an order dated August 21, 2020, the court, inter alia, upon reargument, adhered to the determination granting that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law former § 276 and, in effect, adhered to the determination denying the defendants' motion for summary judgment dismissing the complaint. The defendants appeal.
A party seeking summary judgment bears the initial burden of demonstrating its prima facie entitlement to the requested relief (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562). Only if that burden is met does the burden then shift to the party opposing summary judgment to tender evidence, in a form admissible at trial, sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d at 562).
Pursuant to Debtor and Creditor Law former § 276, applicable at the time of the subject conveyance, "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors" (see Matter of Argyle Funds SPC, Inc. v Barrick, 226 AD3d 673, 675). "The burden of proof to establish actual fraud under Debtor and Creditor Law [former] § 276 is upon the creditor who seeks to have the conveyance set aside, and the standard for such proof is clear and convincing evidence" (Kreisler Borg Florman Gen. Constr. Co., Inc. v Tower 56, LLC, 58 AD3d 694, 696 [citation and internal quotation marks omitted]). "[D]irect evidence of fraudulent intent is often elusive" (Dempster v Overview Equities, 4 AD3d 495, 498 [internal quotation marks omitted]). Thus, "'[t]he requisite intent required by this section need not be proven by direct evidence, but may be inferred from the circumstances surrounding the allegedly fraudulent transfer'" (JDI Display Am., Inc. v Jaco Elecs., Inc., 188 AD3d 844, 845-846, quoting Matter of Steinberg v Levine, 6 AD3d 620, 621). "In determining whether a conveyance was fraudulent, a court must consider badges of fraud[,] which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent" (Goldenberg v Friedman, 191 AD3d 641, 643 [internal quotation marks omitted]; see JDI Display Am., Inc. v Jaco Elecs., Inc., 188 AD3d at 846; Pen Pak Corp. v LaSalle Natl. Bank of Chicago, 240 AD2d 384, 386).
Here, the defendants submitted evidence that there was fair consideration for the conveyance, including invoices indicating that Country provided transportation services to Sherman for $2,000 per month from January 2008 through December 2012. Nevertheless, even in instances where there is fair consideration, a cause of action to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law former § 276 may be maintained where there is evidence of actual intent to defraud (see Ford v Martino, 281 AD2d 587, 588; Grumman Aerospace Corp. v Rice, 199 AD2d 365, 366). Indeed, the defendants' submissions also demonstrated the existence of several badges of fraud: there was a close familial relationship between the parties, as the transferor and transferee were spouses; Francene had knowledge of the plaintiff's claim prior to the transfer and that the transfer would exhaust Sherman's funds; Francene retained control over the funds after the transfer; and Francene and Jeffery engaged in a pattern or series of transactions after the incurrence of the debt. Notwithstanding the evidence of fair consideration and an antecedent debt, the defendants failed to establish, prima facie, that the conveyance was not made with actual intent to defraud the plaintiff given the aforementioned badges of fraud present (see Pen Pak Corp. v LaSalle Natl. Bank of Chicago, 240 AD2d at 386; Grumman Aerospace Corp. v Rice, 199 AD2d at 366-367). Thus, upon reargument, the Supreme Court properly adhered to the determination denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law former § 276.
At the same time, upon reargument, the Supreme Court should have denied that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law former § 276. While the plaintiff submitted evidence establishing several badges of fraud, there was also evidence of fair consideration and an antecedent debt, raising a triable issue of fact as to whether the defendants possessed the actual intent to defraud the plaintiff (cf. Goldenberg v Friedman, 191 AD3d at 643; Machado v A. Canterpass, LLC, 115 AD3d 652, 653-654).
Pursuant to Debtor and Creditor Law former § 273, "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his [or her] actual intent if the conveyance is made or the obligation is incurred without a fair consideration." "Thus, both insolvency and lack of fair consideration are prerequisites to a finding of constructive fraud under [former] section 273, and the burden of proving these elements is upon the party challenging the conveyance" (Joslin v Lopez, 309 AD2d 837, 838). "[A]n antecedent debt may provide fair consideration for a conveyance of property" (id.; see Debtor and Creditor Law former § 272[a]; Prudential Farms of Nassau County v Morris, 286 AD2d 323).
Here, the defendants submitted evidence, including Jeffery's deposition testimony and the invoices, that established, prima facie, that there was an antecedent debt and fair consideration for the conveyance (see Heid v Renwood Assoc., Inc., 184 AD3d 555, 557). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, upon reargument, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law former § 273.
In addition, the defendants contend that they were entitled to summary judgment dismissing the complaint on the ground that this action was barred under the doctrine of res judicata based upon the settlement in the prior action. "Under the doctrine of res judicata, or claim preclusion, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (HSBC Bank USA, N.A. v Pantel, 179 AD3d 650, 650-651 [internal quotation marks omitted]; see Bravo v Atlas Capital Group, LLC, 196 AD3d 627, 628-629). Here, the defendants were not named as parties in the prior action and failed to demonstrate that they were in privity with Francene (see Cullen v Moschetta, 207 AD3d 699, 700; Blue Sky, LLC v Jerry's Self Stor., LLC, 145 AD3d 945, 946-947). Thus, the Supreme Court properly determined that the defendants were not entitled to summary judgment dismissing the complaint on the ground that action was barred under the doctrine of res judicata.
Moreover, contrary to the defendants' contention, Francene is not a necessary party to this action, as she does not possess an interest that would be affected by a potential judgment (see CPLR 1001[a]; Chestnut Ridge Assoc., LLC v 30 Sephar Lane, Inc., 129 AD3d 885, 887).
Accordingly, upon reargument, the Supreme Court should have denied that branch of the plaintiff's cross-motion which was for summary judgment on the cause of action to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law former § 276 and granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law former § 273, but properly adhered to the determination denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action to set aside an alleged fraudulent conveyance pursuant to Debtor and Creditor Law former § 276.
CONNOLLY, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court